[Cite as *Jennings v. Grafton Corr. Inst.*, 2011-Ohio-5326.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

RONNIE LEE JENNINGS

    Plaintiff

    v.

GRAFTON CORRECTIONAL INST.

    Defendant

Case No. 2010-01131

Judge Clark B. Weaver Sr.
Magistrate Matthew C. Rambo

<u>JUDGMENT ENTRY</u>

{¶1} On April 11, 2011, the magistrate issued a decision recommending judgment for defendant.

{¶2} Civ.R. 53(D)(3)(b)(i) states, in part: "A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i)." On April 25, 2011, plaintiff filed his objections.

{¶3} Plaintiff's objections challenge several factual findings made by the magistrate. Plaintiff, however, failed to support his objections with a transcript of proceedings. Civ.R. 53(D)(3)(b)(iii) states that "[a]n objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available." Inasmuch as the factual findings contained in the magistrate's decision support the magistrate's conclusions, plaintiff's objections are without merit.

{¶4} For example, in his second objection, plaintiff contends that the magistrate erred in finding that plaintiff's sole injury was an injury to his eye.  Plaintiff asserts that the magistrate should have known that medical records existed which would show that plaintiff suffered other injuries and that the magistrate failed to consult such records. However, the medical records were not introduced as evidence at trial and plaintiff has failed to demonstrate to the court "that [he] could not, with reasonable diligence, have produced that evidence for consideration by the magistrate."  See Civ.R. 53(D)(4)(d).

{¶5} Similarly, in his third objection, plaintiff argues that the magistrate erred in finding that corrections officer Anthony Lawrence testified that the cell extraction was "'almost picture perfect.'"  Inasmuch as plaintiff has failed to support his objections with a transcript of the evidence, the court finds that the factual findings contained in the magistrate's decision support the magistrate's conclusions.  Therefore, the objection shall be overruled.

{¶6} Finally, to the extent that plaintiff's first objection relates to the magistrate's findings regarding the videotape from the December 22, 2009 cell extraction, the lack of a transcript also prevents the court from considering such objection.  (Defendant's Exhibit G.)  The magistrate found that the videotape corroborated Lawrence's description of the extraction.  Plaintiff states that the magistrate's findings "paint the Plaintiff in a negative light, that the Plaintiff is completely non-compliant[.]"  Without a transcript or an affidavit of evidence, the court is unable to resolve the dispute regarding the magistrate's findings.

{¶7} Moreover, the court's review of the videotape shows that plaintiff first failed to comply with the shift lieutenant's orders to cuff up and that the shift lieutenant responded with a short burst of Mace to plaintiff's face.  Approximately one minute later, when the Special Response Team (SRT) entered his cell, plaintiff is standing in the center of the cell with his hands on his hips.  The SRT used a shield to force plaintiff against the wall and plaintiff was quickly forced to the ground.  Thus, the videotape itself provides no support for plaintiff's objection.

{¶8} Upon review of the record, the magistrate's decision and plaintiff's objections, the court finds that the magistrate has properly determined the factual issues and appropriately applied the law. Therefore, the objections are OVERRULED and the court adopts the magistrate's decision and recommendation as its own, including findings of fact and conclusions of law contained therein. Judgment is rendered in favor of defendant. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
CLARK B. WEAVER SR.
Judge

cc:

Eric A. Walker
James P. Dinsmore
Assistant Attorneys General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Ronnie Lee Jennings, #462-638
2500 South Avon-Belden Road
Grafton, Ohio 44044

JSO/dms
Filed September 12, 2011
To S.C. reporter October 13, 2011